Per Curiam.
In the finding of facts made by the court of common pleas, it appears that Joseph Clare died intestate in Clermont county, *847 Ohio, leaving three children and the child of a deceased daughter, surviving him; that he had one other child, George Clare, born to him, but who had been absent from the state, unheard of for twelve years prior to the death of said Joseph Clare, his father; that the administrators filed their final account in the probate court, which was afterwards confirmed by the court and the said administrators ordered to distribute the sum remaining in their hands according to law; that four-fifths of the sum so in their hands for distribution were paid by the administrators to the plaintiff and the other living heirs, and the remaining one-fifth was reserved as the share of George Clare, if living; that George Clare, some twelve years prior to the death of his father, left the county of Clermont and has been absent and unheard of ever since; that diligent search has been made for him both prior to his father’s death and since; that George Clare is dead and left no widow, child or children, or issue of children, legatees, or devisees surviving him; and that he died prior to the death of his father.
The court found as a conclusion of law that said sum of $1,187.32 should be distributed by said administrators in equal proportions among said John W. Clare, Mary Ann Israel, Joseph Clare and Anna Belle Moberly.
The only foundation for the claim of the plaintiff and the other living heirs is the death of George Clare, and this is based upon facts which raise only a presumption of death which may be rebutted by other evidence.
The presumption of death from a person’s absence for seven years is not a conclusive presumption of law, but is merely a rebuttable presumption of fact or of mixed fact and law.
It is sought in this case to strengthen the presumption by attempting to give notice of the pendency of the suit to George Clare by publication, but if he is dead as claimed by the plaintiff, any attempt at service of summons or by publication would be of no avail; and on the other hand, if he is alive, the plaintiff has no claim whatever upon the fund in the hands of the administrators.
The judgment of the court therefore, disposes of the inter *848 est of George Clare in his father’s estate without any notice to him and without any support of the plaintiffs’ claim other than the presumption of death arising from his absence from the state, and being unheard of for twelve years.
The judgment is conclusive between the parties and their privies until reserved or vacated, but it can not estop George Clare, who was wholly a stranger to the cause and whose rights are sought to be concluded thereby. In the case of Young v. Heffner, 36 Ohio St. 232, the second proposition of the syllabus is as follows:
“The legal presumption of death which arises from the absence of one from his home for the period of seven years, and who in the meantime is not heard of, is but prima facie evidence of the fact, and may be rebutted by counterproof.
“Third: The plaintiff, the owner in fee simple of two undivided sevenths of a farm, had been absent and unheard of for nearly thirty years, when proceedings for the partition of said farm were instituted by persons who would have been his heirs had he been then deceased. Under these proceedings the premises not being divisible without manifest injury to the value thereof, were sold by order of the court and bid off by defendant II, owner of the remaining five-sevenths thereof, and who after said purchase made valuable improvements thereon.
“Held. 1. That H, by such purchase acquired no title to the interest of the plaintiff in said land.
“2. That in the partition of said premises, the defendant H, is entitled to the benefit of such improvements, and, in making partition, respect should be had thereto.”
We think this case is conclusive of the one before us, and that if the administrators should pay the fund now in their hands to the plaintiff and the other heirs defendants, in the case they would still be liable to George Clare if he should hereafter return.
The administrators, by answer have asked the advice and direction of the court in the distribution of the fund, and we see no objection to affirming the judgment upon condition that the parties receiving the money give security for its repayment in the event that George Clare or his legal representatives should appear and make claim to the fund or to modifying the judgment to that extent. Schouler on Executors, Section 484.
*849 If security is not thus given, the judgment should be reversed and cause remanded with direction to the court of common pleas to authorize the administrators to invest the fund according to the statute or deposit it in the county treasury.